1
2
3
4
5
6                          UNITED STATES DISTRICT COURT
7                          EASTERN DISTRICT OF CALIFORNIA
8

9    YADIRA DURAN, et al.,                        Case No.   1:24-cv-01512-JLT-EPG

10                     Plaintiffs,

11           v.                                   ORDER SETTING DEADLINE RE:
                                                  DEFAULT JUDGMENT
12   BOCA DEL RIO AGRICULTUTRE, LLC,
     et al.,
13
                      Defendants.
14                                                (ECF Nos. 7, 8)
15

16          Plaintiffs Yadira Duran and Flor Navarro filed this action on December 11, 2024, and

17   have since sought and obtained a clerk's entry of default under Federal Rule of Civil Procedure

18   55(a) against Defendants Boca Del Rio Agriculture, LLC, and Boca Del Rio Holdings, LLC (ECF

19   Nos. 7, 8).  Given the Clerk's entry of default, the Court will set a deadline for Plaintiffs to move

20   for default judgment under Rule 55(b)(2).[1]  Additionally, the Court advises Plaintiffs of the

21   following basic requirements for a motion for default judgment.[2]

22          The motion must establish proper service on Defendants and the Court's jurisdiction.  *In

23   re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry of judgment is sought against a party

24   who has failed to plead or otherwise defend, a district court has an affirmative duty to look into its

25   jurisdiction over both the subject matter and the parties."); *see S.E.C. v. Internet Sols. for Bus.

26   Inc.*, 509 F.3d 1161, 1165 (9th Cir. 2007) ("We review de novo whether default judgment is void

27   ─────────────
     [1] Alternatively, if Plaintiffs believe a default judgment by the Clerk is appropriate under Rule 55(b)(1),
     Plaintiff may file such a request.
28   [2] This order does not purport to advise Plaintiff of all applicable requirements.

                                                    1

because of lack of personal jurisdiction due to insufficient service of process."). Here, the proof of service documents assert that Defendants were personally served. (ECF Nos. 4, 5). Plaintiff must identify which service provisions govern and specify how they were satisfied.

The motion must address the relevant factors regarding default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (noting seven factors that courts may consider before exercising discretion to enter default judgment). Here, the complaint identifies nine counts. Plaintiff must independently address each count for which recovery is sought and address whether recovery on any count means that it cannot recover on another.

The motion must support any request for attorney fees, costs, and prejudgment interest. *See In re Ferrell*, 539 F.3d 1186, 1192 (9th Cir. 2008) (noting party seeking attorney fees and costs must specify basis for such award); *Schneider v. Cnty. of San Diego*, 285 F.3d 784, 789 (9th Cir. 2002) ("Whether prejudgment interest is permitted in a particular case is a matter of statutory interpretation, federal common law, and, in some instances, state law."); Fed. R. Civ. P. 54(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). Here, Plaintiff must identify the recovery sought under the complaint, specify the authority that supports it, and explain how any monetary amount sought is justified.

Accordingly, IT IS ORDERED as follows:

1. Plaintiffs have until March 20, 2025, to move for default judgment against Defendants.

2. Plaintiffs' motion for default judgment shall provide developed argument, including citation to the record and relevant legal authority, in addressing the requirements discussed above and any other applicable requirements. *See* Fed. R. Civ. P. 7(b)(1)(B) (noting that motions must "state with particularity the grounds for seeking the order).

3. The initial scheduling conference set for March 13, 2025, at 10:00 a.m. is VACATED, along with related deadlines. (ECF No. 3).

IT IS SO ORDERED.

Dated: **February 20, 2025**          /s/ *Erica P. Grosjean*
                                      UNITED STATES MAGISTRATE JUDGE

2